UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOCUMENTARY CHANNEL, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| ) | No. 3:07-0673 |
| v. ) | Judge Trauger/Brown |
| ) | |
| PYXIX CORPORATION, ) | |
| ) | |
| Defendant/Counter-Plaintiff ) | |

### O R D E R

A telephone conference was held with the parties on March 31, 2008, to discuss the setting of the settlement conference per Judge Trauger's referral.

After discussing the matter with the parties, this matter is set for a settlement conference on **May 14, 2008, 10:00 a.m.**

The parties are advised that unless otherwise permitted, failure to be present with **full settlement authority**[1] could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. If the parties need authority from any other person, that person must be available by phone, and the Magistrate Judge **must approve the absence in advance**. The representative present at the settlement conference must be in a position to sign a binding agreement at the conclusion of the

---

[1] All named parties and their attorneys **must** attend. Nonindividual parties must have a senior official present unless excused in advance by the Magistrate Judge. Full settlement authority means the ability of the plaintiff to accept the last offer and the defendant to pay the last demand. If authority is limited, the party **must** notify the Magistrate Judge in advance of the conference.

conference, unless the Magistrate Judge has been notified of the limitation in advance.

1. By **12:00 noon on Monday, May 12, 2008**, Plaintiff and Defendants shall deliver **under seal**, directly to Ms. Monte Klassen, Courtroom Deputy to the undersigned, 704 United States Courthouse, 801 Broadway, Nashville, Tennessee 37203, *ex parte*, separate settlement conference statements which shall specify their respective settlement positions. These settlement conference statements shall not be filed with the Clerk nor served on the other parties. Nothing in the way of a jury speech shall be contained in the settlement conference statements. In their respective statements, counsel for Plaintiff and Defendant shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion of each client's probable success on the merits using a scale of 1 to 5, with 1 being the lowest and 5 being the highest.

    a) Each statement shall contain a summary of the parties' respective views of the law as to the theory of liability or defense.

        (I) Plaintiff's statement shall contain an assessment from Plaintiff's viewpoint of Plaintiff's damages and the strengths and weaknesses of Plaintiff's position.

2

(ii) Defendant's statement shall contain an assessment of the Plaintiff's damages, Defendant's exposure to those damages, and the respective strengths and weaknesses of Defendant's position.

c) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

d) Each statement shall contain an assessment of the economic cost of proceeding to trial as well as any appeal.

e) Each statement shall recount, with specificity, the settlement discussions between the parties to date and the most recent demand offer as each side has made.

f) Each statement will describe any particular obstacles or impediments to settlement.

g) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case based on counsel's evaluation and opinion and after a full discussion with the client.

h) Each statement shall include the maximum amount the Defendants are willing to pay and the minimum amount the Plaintiff is willing to accept at the present time,[2] and any other terms on which the client insists.

---

[2] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.

3

2. In the event offers and demands have not previously been made, the parties shall exchange offers and demands **at least three (3) working days prior to the May 14, 2008,** conference.

3. Counsel for each party may present a **brief** opening statement at the beginning of the settlement conference. Following these statements, the Magistrate Judge will normally meet separately with the parties. Once the separate meetings have concluded, negotiations will proceed as necessitated by the particular case.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4